PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* IGNACIO MENÉNDEZ, Defendant and Appellant.

No. 4608. Argued April 26, 1932.—Decided April 29, 1932.

*R. Martínez Nadal* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Ignacio Menéndez was convicted of involuntary manslaughter in that he had negligently driven an automobile on the public highway and caused the death of Juan Antonio Martínez.   The defendant filed a motion for a new trial which the court overruled.   The overruling of the motion has been made the subject matter of the first assignment of error.   The appellant has the idea that a motion for a new trial should be answered by the prosecuting attorney and that the facts of such a motion have force without said denial.   The law is quite otherwise.   The verdict of the jury is always the salient fact.   The defendant had his day in court and his guilt, subject to review, was established.   Nothing that the defendant says in a motion for new trial falls within the rules of pleading that lead up to an issue.   Such issue was decided by the jury in this case.   While the district attorney has an opportunity or the right to raise any question relative to a motion for a new trial, the court and the public are interested in maintaining a verdict until the defendant satisfies the court that the verdict was erroneous.   So that the defendant must satisfy the court of the truth of his motion.

The defendant alleged in his motion for a new trial that some of the jurymen were biased against him inasmuch as they said under their *voir dire* that they knew nothing of the facts of the case when in point of fact they came from Vega

Baja and had heard about the accident. The defendant offered no evidence to prove these facts and necessarily the motion had to be overruled. The action of the court below is supported by *People* v. *Vega et al.*, 35 P.R.R. 106. This case also supports the idea that the defendant must take action whether the prosecuting attorney answers the facts of the motion for a new trial or not.

The other ground of the motion for a new trial was that the evidence was against the verdict, and this is also made the subject matter of the third assignment of error. There was evidence tending to show that the defendant was driving his car with dim lights, almost entirely out; that an automobile was coming up behind the automobile of the defendant and another one in opposite direction, and that the defendant turned his automobile to the right without giving any notice or warning whatsoever and caused the death of Juan Antonio Martínez. With due instructions the evidence was sufficient to submit the case to the jury and we can not say that the jury ought to have had a reasonable doubt of the guilt of the defendant.

The second assignment of error relates to the failure of the court to give a certain instruction. The supposed prayer, brought to our attention by a corrected record, requested the court to tell the jury that the mere fact that the defendant was guilty of negligence was not sufficient to convict him unless such negligence was the proximate cause of the death. The court in its general instructions covered the prayer requested, inasmuch as it told the jury that if they found that the defendant had failed to exercise that degree of care and prudence that the circumstances required and by reason of such failure someone suffered, the defendant had incurred in negligence. Also, in another part of the instructions the court said that if the defendant without taking due care caused the death of Juan Antonio Martínez, he was guilty of involuntary manslaughter.

The judgment should be affirmed.